UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

ROSARIA CORTES LUSERO, MARIE CRUZ
GARCIA, AND MICHELLER CANER

                                 Plaintiffs,

              -against-

THE CITY OF NEW YORK,

                                Defendant.

-------------------------------------------------------------------- x

**ANSWER**

14 Civ. 9533 (VSB)

        Defendant the City of New York, by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, in answer to the Complaint filed December 3, 2014, respectfully alleges as follows:

        1.      Denies the allegations set forth in paragraph "1" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the familial relations of those buried on Hart Island and the wishes of family members regarding the gravesites, and admits that Hart Island is an island located in the waters off of the Bronx on which New York City's potter's field is located, in which as many as one million people are buried.

        2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admits that the New York City Department of Correction ("DOC") operates and maintains Hart Island, that inmates in the custody of DOC assist with burials on the island, and that visitors may not visit the gravesites but may visit a gazebo on the island intended as an area for reflection.

3.        Denies the allegations set forth in paragraph "3" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the wishes of Plaintiffs.

4.        Denies the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

5.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.        Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.        Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York is a municipal corporation within the State of New York, and respectfully refers the Court to New York City Administrative Code Title 9, Chapter 1 and the New York City Charter, Chapter 25 for a complete and accurate statement of DOC's responsibilities, including those duties related to Hart Island.

9.        Denies the allegations set forth in paragraph "9" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the wishes of Ms. Lusero and Ms. Garcia.

10.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the circumstances of the death of Ms. Caner's father and her personal wishes, and admits upon information and belief that Ersin Caner is buried on Hart Island.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admits upon information and belief that Mr. Caner died in September 2010 at the Flushing Hospital Medical Center.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the Complaint, except admits that visitors may not visit the gravesites but may visit a gazebo on the island intended as an area for reflection.

21.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "21" of the Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Complaint and respectfully refers the Court to DOC's website for information on Hart Island, accessible at www.nyc.gov/html/doc/downloads/pdf/hart-island/FAQ-HartIsland040813.pdf.

23.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "23" of the Complaint, except admits that Hart Island serves as New York City's potter's field, that the bodies of indigent and unidentified bodies are buried on Hart Island, that DOC operates and maintains Hart Island, that inmates in the custody of DOC assist with burials on the island, and that DOC estimates that as many as one million people have been buried on Hart Island.

24.     Denies the allegations set forth in paragraph "24" of the Complaint as there are no individual gravesites on Hart Island, except admits that visitors to Hart Island may not visit the gravesites but may visit a gazebo on the island intended as an area for reflection.

25.     Denies the allegations set forth in paragraph "25" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the religious practices described therein.

26.     Denies the allegations set forth in paragraph "26" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the religious practices described therein.

27.     Denies the allegations set forth in paragraph "27" of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegations regarding

Melinda Hunt, and admits that an article about Hart Island appeared in *The New York Times* in November 2013 and that DOC does not presently allow family members to visit the gravesites.

28.    Denies the allegations set forth in paragraph "28" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the feelings or traditions of family members, and admits that family members may visit a gazebo intended as a reflective area, that visitors may not visit the gravesites, and that visitors are searched and accompanied by DOC officers due to Hart Island's status as an active DOC facility.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.    Denies the allegations set forth in paragraph "30" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding phone calls made by Plaintiff Garcia or a New York University law student working for Plaintiff's counsel.

31.    Denies the allegations set forth in paragraph "31" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the reports or observations of the women who visited Hart Island, and admits that two women made gravesite visits in 2014 on separate occasions, after agreeing to a number of conditions set by DOC and signing a waiver of liability.

32.    Denies the allegations set forth in paragraph "32" of the Complaint, except admits that it remains DOC's policy that visitors to Hart Island are not permitted beyond the gazebo.

33.     Denies the allegations set forth in paragraph "33" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

34.     Denies the allegations set forth in paragraph "34" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

35.     Denies the allegations set forth in paragraph "35" of the Complaint, except admits that DOC estimates that as many as one million people have been buried on Hart Island.

36.     Denies the allegations set forth in Paragraph "36" of the Complaint.

37.     Denies the allegations set forth in Paragraph "37" of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Denies the allegations set forth in Paragraph "39" of the Complaint.

40.     Denies the allegations set forth in Paragraph "40" of the Complaint.

41.     Denies the allegations set forth in Paragraph "41" of the Complaint.

42.     Denies the allegations set forth in Paragraph "42" of the Complaint.

43.     Denies the allegations set forth in Paragraph "43" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

44.     Denies the allegations set forth in Paragraph "44" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

45.     Denies the allegations set forth in Paragraph "45" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein.

**FOR A FIRST DEFENSE:**

46.     The Complaint fails to state a claim upon which relief can be granted.

## FOR A SECOND DEFENSE:

47.     Defendant did not violate any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## FOR A THIRD DEFENSE:

48.     At all times relevant to the acts alleged in the Complaint, Defendant acted reasonably, lawfully, properly, constitutionally, without malice, and in good faith.

## FOR A FOURTH DEFENSE:

49.     Class certification is not proper in this suit.

**WHEREFORE,** Defendant respectfully requests judgment dismissing the Complaint and denying all relief requested therein, and that the Court grant Defendant such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            January 23, 2015

ZACHARY W. CARTER
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street
New York, New York  10007
(212) 356-0885

By:     /s/                                          
        Lauren Almquist Lively
        Assistant Corporation Counsel

To: Christopher Dunn
*Attorney for Plaintiffs*
New York Civil Liberties Foundation
125 Broad Street, 19th Floor
New York, NY 10004
(by ECF)