UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| ROSARIA CORTES LUSERO, MARIE CRUZ GARCIA, and MICHELLE CANER, on behalf of themselves and all others similarly situated, | **AMENDED STIPULATION AND ORDER OF SETTLEMENT** |
| Plaintiffs, | 14 CV 9533 (VSB) |
| - against - | |
| THE CITY OF NEW YORK, | |
| Defendant. | |

------------------------------------------------------------------x

**WHEREAS** the plaintiffs commenced this action by filing a complaint on behalf of themselves and of a proposed class of similarly situated individuals, on or about December 3, 2014, alleging that the defendant City of New York (hereinafter "the City") violated the plaintiffs' rights by refusing to permit them to visit the gravesites of family members interred at Hart Island;

**WHEREAS** the City has denied any and all liability arising out of the plaintiffs' allegations; and

**WHEREAS** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

**IT IS HEREBY STIPULATED AND ORDERED**:

1.  Effective no later than July 2015, the City shall provide individuals with access to the gravesites of family members buried on Hart Island on at least one weekend day per month (hereinafter "visitation day"), with six Saturday and six Sunday visitation days per year. Subject to Paragraph 15, below, each quarter shall have at least one Saturday and one Sunday

visitation day.  If the City determines that demand warrants a change in the apportionment of Saturday and Sunday visitation days, it may change the schedule with written notice to plaintiffs' counsel.  For purposes of this Stipulation and Order, "family members" shall include, but is not limited to, parents, step-parents, children, step-children, spouses, siblings, step-siblings, half-siblings, grandparents, grandchildren, uncles, aunts, nephews, nieces, first cousins, second cousins, legal guardians of the deceased, wards of deceased guardians, and domestic partners.  Each family member may be permitted to be accompanied on their gravesite visit by up to four other individuals (who do not have to be family members of those buried on Hart Island).  Any family member wishing to bring a larger group to a gravesite visit may request such a visit, and the City shall make reasonable efforts to accommodate any such request, subject to Paragraph 8, below.

2. On each visitation day, the City shall provide ferry service to transport visitors to and from Hart Island.

3. On each visitation day, there shall be at least two periods for gravesite visits (hereinafter "visitation periods"), each of which shall last for two hours, including travel time, with the earlier visitation period not starting before 9:00 a.m.  Visitors may be required to arrive at the City Island dock thirty minutes before the scheduled visitation period.

4. For each visitation period, the City shall provide for a maximum of thirty-five visitors to visit their requested gravesites for the duration of the visitation period, escorted as the New York City Department of Correction ("DOC") deems appropriate.  It is the intention of the parties that the City will seek to accommodate as many visitors as it can, up to the thirty-five visitor limit.  At its discretion, the City may provide for additional visitors beyond the maximum of thirty-five.

- 3 -

5. So long as Hart Island remains under the jurisdiction of DOC, the City may use DOC employees to escort visitors to Hart Island gravesites, and such employees may be attired as required by DOC rules and regulations.

6. The City shall maintain an online system and a telephone system through which individuals may schedule Hart Island gravesite visits for designated visitation periods. The City may require individuals to notify it of a requested visit up to twelve business days in advance of the visit and may require the person requesting such visit ("requestor"), on that person's own behalf or on behalf of a group of visitors to the same gravesite, the following information: the requestor's name and contact telephone and/or email address; the name of the deceased; affirmance of the requestor's relationship to the deceased; preferred date of visit; the number of people they wish to be accompanied by; and, for each additional member of the requestor's party, if any, each visitor's name and whether they are a family member of the deceased or an invitee.  If the requestor provides an email address, the online system shall generate an automated confirmation receipt to the requestor confirming the details of the request. Except for the affirmance described above and except as provided in Paragraph 19, below, the City will not require documentation of a requestor's familial relationship to the deceased unless the City has a reasonable basis for concluding that, notwithstanding such affirmance, no such family relationship exists between the requestor and the deceased, in which case the City may require documentation if it has been unable to confirm the relationship through other credible means.

7. Within five business days of a request for a visit, the City shall contact the requestor to confirm the request, modify the request, or seek to reschedule the request.  Visits shall be scheduled for the requested date unless accommodating a request is not feasible due to

the inability to locate gravesites due to the age of gravesites; the proximity of a gravesite to open, active gravesites; weather conditions; a lack of availability on the date requested due to the maximum number of visitors being reached; and any other factors beyond the City's control, in which case the City shall make reasonable efforts to reschedule the visit for the next date requested by the requestor. If a deceased person's specific gravesite is either unidentifiable or is otherwise inaccessible for reasons that cannot reasonably be remedied before the date of the requested visit, the City shall so advise the requestor in advance of the requested visit and shall, at the requestor's option, permit a visit to an alternate gravesite or other location reasonably proximate to the requested gravesite. There shall be no limit on the number of times a person is permitted to visit.

        8.      In the event that demand for visits exceeds capacity, the City reserves the right to give visit priority to family members. No non-family member visitor whose visit has been confirmed shall have that confirmation rescinded with less than three business days' notice.

        9.      The City may require visitors to sign a liability waiver as a condition of visitation, and the waiver will be available online and also at the City Island dock on the day of visitation. Visitors shall execute and submit any required waiver of liability in advance via email or regular mail, so that it is received by the DOC prior to the day of visitation, or in person on the day of visitation. Upon arrival at the City Island dock, visitors may be required to provide valid identification and sign the Hart Island Visitor's Book.

        10.     Because of the extremely limited street-side parking available in the vicinity of the Hart Island ferry dock – bordering a private residential area – each group of visitors will be requested to coordinate travel to the City Island dock so as to bring as few vehicles to the site as possible.

11. The City reserves the right to search visitors consistent with its legitimate security concerns. City employees escorting visitors to gravesites shall maintain a respectful distance while visitors are present at a gravesite consistent with legitimate security concerns. The City may require visitors to surrender electronic devices, which the City shall safeguard until returned to the visitor at the conclusion of the visit.

12. Visitors shall be permitted to leave the following mementos at gravesites: flowers without vases, small stuffed animals, photographs, prayer cards, small flags, and blankets. When requesting a visit, requestors may seek permission to bring other mementos, which the City will consider on a case-by-case basis. Nothing in this paragraph bars the City from adding to the list of permitted mementos.

13. The City will continue to maintain a publicly accessible database for members of the public to locate persons buried on Hart Island (either the current Hart Island Lookup Service or another equivalent service). By July 31, 2015, and continuing thereafter, the name, date of death, and Hart Island burial plot number shall be accessible in the database within thirty days of a person's burial.

14. Separate and apart from the gravesite visits specified in this Stipulation and Order, the City shall continue non-gravesite visits to Hart Island on a monthly basis.

15. The City shall not be liable for failing to fulfill the above-described obligations for reasons of equipment or ferry malfunctions, unanticipated staffing shortages, inclement weather, or other circumstances beyond the City's control. In instances where any of these circumstances prevent a visitation day from taking place, the City will make reasonable efforts to promptly notify each requestor scheduled to visit that day, to remedy the situation

promptly, and to reschedule that visitation day as soon as practicable. Nothing in this paragraph relieves the City from the obligation to provide twelve visits every twelve months.

16. By July 31, 2015, the City shall post and then maintain on the DOC website with the online visit request form described in Paragraph 6 the sum and substance of Paragraphs 1-14 of this Stipulation and Order. The City shall also post and maintain on the website a listing of specific scheduled weekend visitation dates for at least the next six months.

17. Within forty-five days of the end of each quarter, starting with the quarter ending September 30, 2015, and concluding with the quarter ending March 31, 2018, the City shall provide the plaintiffs' counsel with the following information, which may be derived from its online request portal or other sources, for each visitation day during the quarter: (1) the number of gravesite visit requests; (2) the number of persons, including guests, included in the requests; (3) the number of requests granted for an alternate date; (4) the number of requests neither granted nor rescheduled and the reason for the decision (including but not limited to the conclusion that the requestor was not related to the deceased or that the requestor was unable to produce documentation requested by DOC as provided in Paragraph 6); (5) the total number of gravesite visitors; and (6) the total number of family members and guests whose requests were not granted or were rescinded during the quarter because of lack of capacity. Following each quarterly production and upon request by Plaintiffs' counsel for good cause, the City shall produce any requestor's name and contact information for the quarter, unless the requestor has objected to the production of such information.

18. Following production of the information specified above for the second quarter of 2016, the parties shall meet and confer in good faith to determine whether to make changes to the frequency of visitation days or the number of visitors who can be accommodated

on visitation days.  Should the parties agree to modify the frequency of visitation days or the number of visitors who can be accommodated on visitation days, they shall submit a proposed Amended Stipulation and Order to the Court for approval.  Should the parties disagree about the need to modify the frequency of visitation days or the number of visitors who can be accommodated on visitation days, the party seeking modification shall notify the other party in writing at least thirty days before filing any motion seeking said modification.  Any motion must be made by November 15, 2016.

        19.    In any motion by the plaintiffs to increase the number of visits or visitors to Hart Island for gravesite visits, plaintiffs shall be entitled to a modification only upon proving that members of the class are being denied gravesite visitation in violation of the federal and/or New York State constitutional provisions alleged in the Complaint in this action.  In any dispute raised pursuant to Paragraph 18, above, or in any motion made pursuant to this paragraph, the City reserves its right to seek discovery of, and to use in response to the dispute or in defense of the motion, documents and other information relevant to the proof or disproof of requestors' familial relationship to the deceased they visited on Hart Island.  In no event shall any modification sought without consent by both parties include an extension of the termination date of this Stipulation and Order, or of the Court's jurisdiction over the terms thereof, except as provided in Paragraph 22, below.

        20.    If plaintiffs believe that the City has not substantially complied with a material term of this Stipulation and Order, plaintiffs shall notify the City in writing of the purported noncompliance and of plaintiffs' basis for believing there is noncompliance.  The parties shall then engage in good-faith efforts to resolve the issue.  If those efforts are unsuccessful, plaintiffs may seek judicial relief to enforce the relevant term(s) of the Stipulation

and Order but may not initiate such action until forty-five days after having provided the written notice required by this paragraph. In any such motion by the plaintiffs based upon the City's alleged non-compliance, the City shall be considered to be in compliance therewith unless plaintiffs establish that the City's failures or omissions to meet the terms of this Stipulation and Order were not minimal or isolated, but were substantial.

21. If at any time after entry of this Stipulation and Order, plaintiffs' counsel believes that there have been instances in which individuals have attempted to call DOC to request a visit using the telephone system referenced in Paragraph 6, above, and such call was not answered by DOC, plaintiffs' counsel shall notify the City promptly. Plaintiffs shall not use the City's alleged failure to answer visit requests made by telephone as grounds for modification, enforcement, contempt, or other relief.

22. The jurisdiction of this Court shall terminate for all purposes on December 1, 2018, except that the Court shall maintain continuing jurisdiction over this action for the purpose of resolving any motion timely made by plaintiffs seeking modification, enforcement, or contempt, pursuant to Paragraphs 18-20, above. Once jurisdiction of the Court ends, nothing in this agreement shall bar the plaintiffs, including any putative class member, from filing suit to seek judicial relief ordering the City to provide gravesite visits.

23. The parties agree that the plaintiffs are prevailing parties in this matter for purposes of attorneys' fees and costs. They shall work in good faith to resolve any request for reimbursement for fees and costs. Should those efforts fail, the plaintiffs may file a motion for fees and costs.

24. The parties stipulate to the certification of a plaintiff class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure that is defined as follows:

> All parents, step-parents, children, step-children, spouses, siblings, step-siblings, half-siblings, grandparents, grandchildren, uncles, aunts, nephews, nieces, first cousins, second cousins, and legal guardians of deceased individuals buried on Hart Island; wards of deceased guardians buried on Hart Island; and domestic partners of deceased individuals buried on Hart Island, who wish to visit the gravesites of said deceased individuals.

25. The parties understand that this Stipulation and Order is subject to Court review and approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Pending approval by the Court, the parties agree to be bound by the terms of this Stipulation and Order as of the date it is submitted to the Court.

26. In the event the Court does not approve this Stipulation and Order, the parties shall meet and confer in good faith to determine whether to agree upon a modified Stipulation and Order. If they are unable to do so, this Stipulation and Order shall become null and void, and this case shall be restored to the active docket so the plaintiffs can proceed with the litigation.

27. The plaintiffs shall each execute and deliver to the City's attorney all documents necessary to effect this settlement, including but not limited to, releases from plaintiffs and plaintiffs' counsel and a W-9 form for plaintiffs' counsel.

28. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

CHRISTOPHER DUNN
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, N.Y. 10004
(212) 607-3300

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
New York, New York 10007
100 Church Street, Room 2-113
New York, N.Y. 10007
(212) 356-0896

By: _____
Christopher Dunn
Attorney for Plaintiffs

By: _____
Omar Tuffaha
Jonathan Pines
Attorneys for Defendant

Dated: New York, New York
January 23, 2017

**SO ORDERED:**

_____
**HON. VERNON S. BRODERICK** 1/24/2017
**UNITED STATES DISTRICT JUDGE**